UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SWAIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1574 AGF |
| | ) | |
| JEREMIAH "JAY" NIXON and | ) | |
| EUGENE STUBBLEFIELD, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Edward Swaim's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in the Circuit Court of Jefferson County, Missouri, to felony tampering in the first degree, misdemeanor endangering the welfare of a child, and misdemeanor careless and imprudent driving. He was sentenced to concurrent terms of imprisonment of ten years, one year, and one year, respectively. For federal habeas relief, Petitioner claims that (1) the trial court failed to comply with Missouri Supreme Court Rule 24.02, by not telling him that he would not be able to withdraw his guilty plea if his sentencing request was not granted, in violation of Petitioner's due process rights; and (2) the plea court tricked Petitioner into pleading guilty and Petitioner's plea counsel did not explain "all of the things to" Petitioner, and Petitioner would not have pled guilty had he known he would be sent to prison, rather than to long-term treatment. After reviewing the case, the Court

has determined that Petitioner is not entitled to relief. As a result, the petition will be denied.

**Background**

On October 30, 2003, Petitioner drove his vehicle off the road and was involved in an accident. Three persons were in the vehicle: Petitioner, a child under the age of 17, and another person. John Counts and another passerby stopped to help; they noticed a strong odor of alcohol on Petitioner's breath and an open can of beer in Petitioner's vehicle. Petitioner then drove off in Counts's vehicle, leaving the scene.

Petitioner was charged with felony tampering in the first degree, misdemeanor endangering the welfare of a child, and misdemeanor careless and imprudent driving. On December 13, 2004, he pled guilty to these charges, pursuant to a written plea agreement with the state. The agreement has not been made part of the record, but it is undisputed that it provided that the state would recommend a sentence of ten years imprisonment on the tampering charge, and would not object to a sentence under Missouri Revised Statute § 217.362 if that were recommended by the Board of Probation and Parole. Section 217.362 allows a court to sentence certain offenders to an institutional drug or alcohol treatment program for 12 to 24 months. It is also undisputed that Petitioner had already previously been sentenced to and completed this program on another charge.

At the plea hearing held on December 13, 2004, the court told Petitioner that his counsel requested that Petitioner be sentenced under § 217.362. Based on evidence presented by the State, the court found that Petitioner was a prior and persistent offender,

and ascertained that Petitioner understood that this subjected him to a sentence of 15 years imprisonment on the tampering charge. The prosecutor then recommended a sentence of ten years on the tampering charge, and one year each on the other two charges, all to be served concurrently. The prosecutor further stated that the State had no objection to a sentence under § 217.362, if recommended by the Board of Probation and Parole. The court asked Petitioner if he were in long-term treatment at the moment, and Petitioner responded that he was living "in the therapeutic community at . . . what used to be known as the workhouse."

The prosecutor and plea counsel explained to the court that Petitioner's sentences would also be concurrent to the yet-to-be imposed sentence on a pending case in the City of St. Louis, Missouri, and that the court in that case had indicated that if the Jefferson County court sentenced Petitioner under § 217.362, the City of St. Louis court would do the same. The court told Petitioner that it would order a presentence investigation report "and we'll find out if they're recommending [long-term treatment] or not." The court stated that the presentence investigation report would not be binding on the court but that the court would "consider whatever it has to say concerning long-term treatment." Petitioner indicated that he understood this. Petitioner also acknowledged that he had been fully advised by his counsel on all his legal rights, "including the possible consequences of the plea," and that he was satisfied with counsel's services. Petitioner's guilty pleas to all three counts were accepted by the court. (Resp. Ex. A at 76-93.)

It is undisputed that the presentence investigation report did not recommend sentencing under § 217.362. The record indicates that the presentence report stated that Probation and Parole did not screen Petitioner for the long-term treatment program due to the fact that he had already completed the program on November 21, 2001. Furthermore, the report apparently recommended that Petitioner not be given probation. Id. at 49. On March 7, 2005, the Court sentenced Petitioner, in accordance with the State's recommendation, to ten years on the tampering charges and one year on each of the remaining charges. After the court explained the procedures for seeking postconviction relief, Petitioner stated, "I was under the assumption, the only reason I was pleading guilty to these charges out here is to go to long-term treatment or I would never have pleaded guilty to them." He also stated that there was a lack of communication between him and his plea counsel. The court reviewed the transcript of the plea hearing and reminded Petitioner of the plea agreement and of his statements that he was satisfied with counsel's representation. Based on that transcript, the court found that counsel had rendered effective assistance. Id. at 102-09.

In an amended motion for state postconviction relief under Missouri Supreme Court Rule 24.035, Petitioner asserted that plea counsel was ineffective for misleading Petitioner into believing that the plea court would sentence him to long-term treatment, and that this resulted in Petitioner's plea being constitutionally invalid as an unknowing, unintelligent, and involuntary plea. Petitioner also claimed that his due process rights were violated by the plea court's failure to advise him, as required by Rule 24.02, that he

would not be able to withdraw his guilty pleas if he were not sentenced to long-term treatment.

The motion court allowed Petitioner to submit the transcript of his deposition testimony, in which he testified that his plea counsel told him more than once that he would receive long-term drug treatment, and that Petitioner would not have pleaded guilty had he known that that would not be his sentence.

The motion court (the same judge who presided at the plea and sentencing) denied postconviction relief. The court found that it was made clear to Petitioner at the plea hearing that there was no guarantee that he would be sentenced to long-term treatment, and that the recommendation for such a sentence had to come from Probation and Parole. The court stated that Petitioner was incorrect in alleging that the plea agreement was a non-binding agreement - rather the agreement itself stated, according to the court, that it was entered into pursuant to Rule 24.02(d)(1)(C) and that the parties agreed to be bound by its terms. The motion court also held that nothing in the record indicated that Petitioner's plea counsel was ineffective in any way. Id. at 49-51.

The Missouri Court of Appeals affirmed the denial of postconviction relief on essentially the same grounds as had the motion court, with a more expanded discussion of the claim of ineffective assistance of counsel. The appellate court applied the general principles of Strickland v. Washington, 466 U.S. 668, 687-92 (1984), to the claim, noting that in the context of a guilty plea, any claim of ineffective assistance is immaterial except to the extent that counsel's actions prevented Petitioner from knowingly and

voluntarily entering into the plea. The court further noted that where a Petitioner claims that he entered into a plea agreement because he was misled, the court is required to determine whether the belief by which he claims to have been misled was reasonable. Under this framework, the court found that Petitioner could not have had a reasonable belief that he was guaranteed to receive long-term drug treatment.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an

unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); <u>Ryan v. Clarke</u>, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

Petitioner contends that the trial court failed to comply with Missouri Supreme Court Rule 24.02 before accepting his guilty pleas, in violation of Plaintiff's due process rights. The court construes this claim as a claim that Petitioner's plea was not knowing and voluntary. Under clearly established federal law, for a guilty plea to be valid, it must represent "'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985) (quoting <u>N. Car. v. Alford</u>, 400 U.S. 25, 31 (1970)). A court must inform a defendant of the range of punishment in order for a guilty plea to be voluntary. <u>Clemons v. Armontrout</u>, 921 F.2d 187, 190 (8th Cir. 1990).

Here a review of the plea hearing transcript establishes that the state courts' adjudication of this claim was factually and legally reasonable. It was made clear at the hearing, as well as in the plea agreement, that being sentenced to long-term treatment was contingent on such a recommendation by Probation and Parole, and Petitioner indicated at the hearing that he understood the sentencing ramifications of his guilty pleas. "Solemn declarations in open court carry a strong presumption of verity." <u>Smith v. Lockhart</u>, 921 F.2d 154, 157 (8th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63,

74 (1977)). "'[T]he representations of the defendant . . . at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (quoting Blackledge, 431 U.S. at 73-74).

The state courts also reasonably rejected Petitioner's claim of ineffective assistance of counsel in which Petitioner asserts that he was misled into believing that the plea court would sentence him to long-term drug treatment, and that the pleas were thereby rendered unknowing and involuntary. The Missouri Court of Appeals applied the correct standard to this issue. And the court's decision was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. See, e.g., Nelson v. Hvass, 392 F.3d 320, 322-24 (8th Cir. 2004) (holding that where habeas petitioner was fully informed at guilty plea hearing as to what his sentencing exposure was, state courts' finding that he did not base his decision to plead guilty on his attorney's alleged misstatements on the likely sentencing consequences if he pleaded guilty instead of going to trial was not an unreasonable determination of the facts).

**Conclusion**

For these reasons, Petitioner is not entitled to relief under 28 U.S.C. § 2254. As a result, the petition will be denied. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C.

§ 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2010.